This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Leonard B. Tyler has appealed from a judgment of the Summit County Court of Common Pleas that found him guilty of aggravated robbery with a firearm specification, carrying a concealed weapon, and having a weapon under a disability. This Court affirms.
 I
Appellant was indicted for one count of aggravated robbery in violation of R.C. 2911.01(A)(1) with a firearm specification pursuant to R.C.2941.145, one count of carrying a concealed weapon in violation of R.C.2923.12, and one count of having a weapon under disability in violation of R.C. 2923.13(A)(2). Following a jury trial, Appellant was found guilty on all counts as well as the firearm specification, and sentenced by the trial court. Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One There is insufficient evidence to support to [sic] jury's verdict finding Appellant guilty of possession of cocaine.
 Assignment of Error Number Two The jury's verdict finding Appellant guilty of possession of cocaine is against the manifest weight of the evidence.
In both assignments of error, Appellant has argued that his conviction for aggravated robbery is against both the sufficiency and the manifest weight of the evidence.[1] This Court disagrees.
In determining whether a conviction is against the manifest weight of the evidence, this Court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. An appellate court that overturns a jury verdict as against the manifest weight of the evidence acts in effect as a "thirteenth juror," setting aside the resolution of testimony and evidence as found by the trier of fact. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. This action is reserved for the exceptional case where the evidence presented weighs heavily in favor of the defendant. Otten, supra. "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, unreported, at 14, appeal not allowed (2000),88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
R.C. 2911.01(A) provides:
 No person in attempting or committing a theft offense, as defined in [R.C. 2913.01], or in fleeing immediately after the attempt or offense, shall[:]
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]
Appellant has argued that no rational trier of fact could have found Appellant guilty beyond a reasonable doubt of the element of attempting to commit a theft offense.
The evidence adduced at trial showed that on the evening of July 23, 2000, City Yellow Cab driver Joseph Foster was dispatched to pick up a passenger at Crosier Street. When Foster arrived, he picked up Appellant. Appellant told Foster that he wanted to go to Glenn Street, but did not specify an address for his destination.
Foster testified that after he had picked up Appellant and began driving him toward Glenn Street, he became suspicious that Appellant would jump out of the cab near his destination and not pay the fare. Foster explained that he often requested fares in advance during the evening hours to prevent passengers from taking flight near their destinations without paying. Foster estimated that Appellant's fare would be approximately ten to twelve dollars, and asked Appellant to pay ten dollars toward the fare in advance. He testified that Appellant gave him only five dollars, and refused to advance any more. Foster testified that Appellant then demanded the money back, whereupon Foster returned the five dollars.
Foster testified that he told Appellant he would not drive any farther without the full fare in advance, and pulled to the side of the road. He stated that Appellant got out of the car and started walking away, and Foster honked the horn and asked him for the money he owed him for the completed portion of the trip. Foster testified that Appellant then turned around, walked back to the cab, pointed a gun at him, and said "Fuck you, give me your money." Foster further testified that he pressed the accelerator in his cab to try to get away, but this only revved the engine because the vehicle was in "park." According to Foster, Appellant fled when he heard the noise from the engine.
Foster then approached off duty Officer Bell of the Akron Police Department at a nearby service station and reported that somebody attempted to rob him. Foster provided a description of the suspect, and Officer Bell left the station in his cruiser to search for the assailant, with Foster following in his cab. Foster spotted Appellant walking on a nearby sidewalk, and honked his horn to indicate to Officer Bell that he was the man who had just tried to rob him. When Appellant saw Officer Bell he began to run, leaping over fences and darting through back yards. Officer Bell gave chase, and was soon joined by other Akron Police Department officers who had converged on the scene to look for the suspected robber. The police arrested Appellant shortly thereafter. Officers then began tracking the scene with a canine unit, which recovered a handgun from a woodpile in one of the yards Appellant had traversed.
Detective Crystal Bowen testified that during her interview of Appellant after his arrest, Appellant admitted that the gun the police recovered belonged to him. Although Appellant denied to Officer Bowen that he had pulled a gun on Foster, Foster identified the gun recovered from the woodpile as the one Appellant used during the robbery.
Appellant has argued that the testimony of Foster was not credible, and was contradicted by the testimony of Appellant's witness Teresha Griffin. Griffin testified that she watched Appellant exit the cab and Foster drive away, and that she did not see Appellant return to the cab or pull a gun on Foster. However, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence
(Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, this Court cannot conclude that, given the evidence before it, the jury lost its way or created a manifest miscarriage of justice such that Appellant's conviction for aggravated robbery must be reversed. Appellant's contention that his conviction is against the manifest weight of the evidence is without merit.
This Court has previously noted that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Accordingly, having found that Appellant's conviction is not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Appellant's assignments of error are overruled.
 III
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] Although Appellant's assignments of error refer to "possession of cocaine," Appellant's arguments to this Court have challenged only his conviction for aggravated robbery.